**FILED**
**SEPTEMBER 2, 2021**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Detention of: | ) | No. 37993-1-III |
| | ) | |
| A.H. | ) | UNPUBLISHED OPINION |
| | ) | |

PENNELL, C.J. — A.H. appeals a Pierce County Superior Court order authorizing involuntary administration of antipsychotic medication. We affirm.

FACTS

A.H. has a history of involuntary commitment. In March 2019, the State petitioned to (1) recommit A.H. for 180 days of involuntary treatment, and (2) involuntarily treat A.H. with antipsychotic medication. A Pierce County jury found A.H. had a mental disorder and should be involuntarily treated for 180 days. A superior court commissioner subsequently issued an order authorizing Western State Hospital to involuntarily

administer antipsychotic medication. The commissioner's order did not specify the maximum dosage of antipsychotic medication. A.H., who was represented by counsel, did not object.

A.H. timely appeals the medication order. A Division Three panel considered A.H.'s appeal without oral argument after receiving an administrative transfer from Division Two.

## ANALYSIS

A.H. argues the commissioner's order to involuntarily treat with antipsychotic medication is invalid because it does not identify the maximum permitted dosage of medication allowed under the order. The State argues this claim should not be reviewed because it was not preserved. We agree with the State.

"As a general rule, appellate courts will not consider issues raised for the first time on appeal." *State v. McFarland*, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995) (citing RAP 2.5(a)). Courts, however, have discretionary authority to consider claims of manifest constitutional error that were not raised in the trial court. *Id.* at 333 (quoting RAP 2.5(a)(3)). Determining whether an alleged constitutional error is manifest requires the appellate court to "place itself in the shoes of the trial court to ascertain whether, given what the trial court knew at that time, the court could have corrected the

error." *State v. O'Hara*, 167 Wn.2d 91, 100, 217 P.3d 756 (2009). "If the trial court could not have foreseen the potential error or the record on appeal does not contain sufficient facts to review the claim, the alleged error is not manifest." *State v. Davis*, 175 Wn.2d 287, 344, 290 P.3d 43 (2012), *abrogated in part on other grounds by State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2018).

Here, there was no error that would have been manifest to the superior court commissioner. Two months before the initiation of the instant proceedings, Division Two of this court decided *In re Detention of B.M.*, 7 Wn. App. 2d 70, 88-92, 432 P.3d 459, *review denied*, 193 Wn.2d 1017, 444 P.3d 1185 (2019). Division Two addressed the precise issue raised by A.H. and held there is no constitutional requirement for courts to place limits on maximum medication dosage in the context of an individual who is involuntarily committed for medical reasons. *Id*. at 89-91. Like A.H.'s case, *B.M.* arose in Pierce County.

Given the holding in *B.M.*, the commissioner did not commit obvious error in failing to limit the maximum dosage available under A.H.'s medication order. We decline to review A.H.'s claim pursuant to RAP 2.5(a).

No. 37993-1-III
*In re Det. of A.H.*

CONCLUSION

The order authorizing involuntary treatment with antipsychotic medications is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Staab, J.

4